AETNA LIFE INSURANCE COMPANY *v.* SHIREMAN, EXECU-
TOR, ET AL.

[No. 13,699.   Filed August 31, 1929.   Rehearing denied December 17,
1929.]

*James W. Fesler, Harvey J. Elam, Howard S. Young*
and *Irving M. Fauvre,* for appellant.

*S. C. Kivett, Dixson H. Bynum, Pearl Lee Vernon* and
*Chester G. Vernon,* for appellees.

McMahan, C. J.—This is an appeal by the Aetna Life Insurance Company from an award in favor of Georgia, William, Harold and Laura De Vore, dependents of John A. De Vore. The facts as found by the board are, in substance, as follows: For some time prior to his death in 1923, A. R. Shireman and his son Howard were doing business in Martinsville, as a partnership under the name of "A. R. Shireman & Son." At the time of his death, and for some time prior thereto, A. R. Shireman was the owner of 16 or 17 rental properties in Martinsville, all being dwelling houses, except one business house which was used by said firm in conducting its business; said firm was engaged in the business of selling fuel and building material, and of hauling and trucking, and maintained a coal yard, a large barn and equipment. All the rental properties were managed and rented by said firm, all necessary repairs being made by and paid for out of money belonging to the firm. A. R. Shireman, by his will, directed that his "executor may, in his discretion, carry on the business in which I am now engaged without a sale or division for the period not to exceed two years, the profits arising therefrom to become a part of my estate; said business to be conducted in the manner that the same is now carried on by me and my son, Howard R. Shireman." His executor was directed to sell and convert all personal property into cash within two years; his widow, Cora G., was given a life estate in all the real estate; Howard F. was named executor, and is now the duly qualified and acting executor of the estate, which is still unsettled. He continued to operate the business in the same manner as before; he managed the renting of the rental properties, collected the rents therefor, and caused the same to be repaired when necessary, and deposited the rents therefrom in bank in a separate account in the name of Cora G. Shireman, the owner of the life estate. The

repairs were paid for by him by checks drawn on said account and signed "Cora G. Shireman, by H. F. Shireman," all of which was done with the knowledge and consent of Mrs. Shireman. The business was so continued and conducted by Howard up to and at the time of the accident which resulted in the death of John De Vore on December 3, 1927, on which day, Howard, acting in the same capacity and relation that he had theretofore acted in employing labor to repair the rental property, employed John De Vore to make certain repairs on certain of the rental property in which Mrs. Shireman had a life estate. At that time the estate had not been settled by the executor, whose appointment was still in force and effect, and the matters of the partnership had not been settled by the surviving partner. Prior to that time, appellant had issued a workmen's compensation insurance policy, in which the "A. R. Shireman estate" was named as the insured, and which policy was in force on said day. The board further found that John A. De Vore was, on December 3, 1927, in the employ of Howard F. Shireman, Opal Riley, Dolly Blankenship, Mary Michell and Cora G. Shireman, legatees under the last will of A. R. Shireman, and doing business as A. R. Shireman & Son, under the name of "A. R. Shireman estate"; that the average weekly wage of John A. De Vore in his said employment was $27; that on said day, he received a personal injury by an accident arising out of and in the course of his employment and which resulted in his death, of which the defendants had actual knowledge at the time; that he left surviving Georgia De Vore, his widow, and three children, viz.: William, James and Laura, ages 14, 11 and 6 years, all of whom were living with John De Vore at the time of his death and who were totally dependent upon him for support.

Appellant's first contention is that there is no evidence

to prove that it was the workmen's compensation carrier of any of the persons against whom compensation was awarded. In support of this contention, appellant says it contracted only to insure the "estate of A. R. Shireman, deceased," in connection with its business of "fuel and material dealers," and that the evidence, without contradiction, showed that the business left by A. R. Shireman was known as "A. R. Shireman & Son" and was conducted by the executor of his estate in that name. Appellant concedes that there was abundant evidence to support the finding that the term "estate of A. R. Shireman, deceased," was simply another designation for the fuel and material business known as "A. R. Shireman & Son." From this, appellant says it follows that it was the intention of the parties that the insurance contract was to pay compensation for which the person administering the estate, i. e., the executor, might become liable in operating the "fuel and material business" conducted by the executor under the name of "A. R. Shireman & Son"; that the award was made against the widow and children of A. R. Shireman, who were the devisees of the real estate under his will.

The evidence is sufficient to sustain a finding that, after the expiration of the two years during which Howard Shireman, as executor, was authorized by the will to conduct the business, the business was thereafter conducted by the heirs and legatees of the testator the same as before and under the same name, and that Howard continued to conduct and manage such business for and on their behalf. Appellant, in its brief, admits that its policy of insurance was intended to and did cover the fuel and material business known as "A. R. Shireman & Son." That business was not being conducted by the executor of the estate under the provisions of the will. It was being conducted by the legatees of the decedent, and was covered by the

policy of insurance issued by appellant. It was a part of the business of such legatees, as conducted by them, to look after the rental property in question, to make repairs thereon and to employ men to make such repairs. The award is sustained by the evidence and is not contrary to law.

Appellant next contends the board erred in refusing to permit its witness, Howard Shireman, while testifying at the hearing before the full board, to correct or change his testimony given at the hearing before a single member of the board. Howard Shireman, in his testimony before the single member of the board, said the wages paid to John De Vore were taken into consideration in fixing the premium paid to appellant. On the hearing before the full board, appellant, by accountants, proved that such wages were not so considered, after which it asked Howard Shireman if he desired to correct his testimony, and in this connection offered to prove that he did, and that, if he had been allowed to correct his testimony, he would then testify that such wages were not so considered. When the policy was issued, a certain premium was paid to appellant. After the death of John De Vore, and after the expiration of the year for which the policy was issued, appellant audited the books of the fuel company, and, it appearing that the wages for the year were greater than estimated when the policy was issued, the insured was required to and did pay an additional premium. The fact, if it be a fact, that the wages paid to John De Vore were not considered in fixing the amount of such additional premium would not change the result. John De Vore was employed by the manager of the fuel and material business. The fact that he was paid by a check drawn on Mrs. Shireman's account did not change his employment.

Affirmed.