LASEAR, INCORPORATED *v.* COFFIN ET AL.

[No. 15,311. Filed December 7, 1934.]

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke, James V. Donadio,* and *Robert S. Smith,* for appellant.

*Joseph R. Morgan,* for appellees.

BRIDWELL, J.—Appellees, the parents of one Myrle Lester Coffin, now deceased, filed their application for adjustment of their claim for compensation against appellant with the Industrial Board of Indiana alleging that they were partially dependent upon said decedent for support and that his death resulted from an accidental injury arising out of and in the course of his employment by appellant.

The full board, at a hearing on application for review of an award made by one member of the board, made a finding as follows: "That on November 16, 1933, one Myrle Lester Coffin was in the employ of the defendant at an average weekly wage of $19.57; that on said date the said Myrle Lester Coffin died as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge; that at the time of his death, the said Myrle Lester Coffin left no one wholly or partially dependent upon him for support; that the defendant has not paid the statutory $100.00 burial expense." The award entered denied compensation to appellees, but awarded $100.00 burial expense against appellant, and from this award appellant appeals assigning as error that the award is contrary to law.

Whether the Industrial Board properly awarded $100.00 for burial expenses depends, under our statute (Indiana Workmen's Compensation Act of 1929, Acts of 1929, p. 537, §39), upon whether the deceased employee would have been entitled to compensation if death had not resulted.

The deceased was one of three employees of appellant who met their death under the circumstances detailed in an opinion rendered by this court on November 24, 1934, being Cause No. 15,309, entitled *Lasear, Incorporated* v. *Anderson et al.*, ante 428, 192 N. E. 762.

In that case an award of compensation to the dependents of the deceased employee was upheld; the legal questions presented in the instant case are identical with the ones then considered and determined and upon the authority of that case the award is affirmed, and increased five per cent as required by statute.