BITUMINOUS CASUALTY CORPORATION *v.* DOWLING ET AL.

[No. 16,843.   Filed December 4, 1941.   Rehearing denied March 24, 1942.   Transfer denied May 1, 1942.]

*Cooper, Royse, Gambill & Crawford,* of Terre Haute, for appellant.

*James L. Tucker,* of Paoli, and *White, Wright & Boleman,* of Indianapolis, for appellees.

CURTIS, J.—This is an appeal from a final award of the full Industrial Board of Indiana, from which finding and award we quote the following salient parts:

"That on June 30, 1940, one Telfer Dowling was in the employ of the defendant at an average weekly wage of $15.00; that on June 30, 1940, said Telfer Dowling suffered injuries as a result of an accident arising out of and in the course of the employment of which the defendant had knowledge; and that as a direct result of said accidental injuries the said Telfer Dowling died on the 30th day of June, 1940; that thereafter on September 26, 1940, pursuant to a disagreement between the parties the plaintiffs filed their application, Form 10, for the adjustment of a claim for compensation alleging therein among other things that the plaintiffs and each of them were wholly dependent upon the decedent, Telfer Dowling, at the time of said accidental injuries and subsequent death.

"And the Full Industrial Board, by a majority of its members, now finds for the plaintiffs and

each of them on their application, Form 10, that at the time of the said accidental injury and subsequent death of the said Telfer Dowling, said plaintiffs were wholly dependent on the said Telfer Dowling for their support and maintenance.

"The Full Industrial Board, by a majority of its members further finds that the statutory funeral allowance has been paid by the Bituminous Casualty Corporation, the insurance carrier of the defendant.

"And the said Full Industrial Board, by a majority of its members further finds that the motion of the Bituminous Casualty Corporation filed March 29, 1941, asking to be made a party defendant to plaintiffs' application, Form 10, should be denied, and that the motion of the Bituminous Casualty Corporation filed March 26, 1941, to vacate the award dated March 26, 1941, should be denied.

"And the Full Industrial Board by a majority of its members, further finds that the petition filed by the Bituminous Casualty Corporation on April 1, 1941, asking leave to introduce further and additional evidence on the review of said original cause before the Full Industrial Board should be denied.

"And the Full Industrial Board, by a majority of its members, further finds that at the time of said accidental injury and resultant death the defendant was doing business as Marley Evans, Sr. and Marley Evans, Jr., as the Salem Rendering Company and the Kentucky Rendering Company; and that the said decedent was employed by the said Marley Evans, Sr. and Marley Evans, Jr. on the said date; and that the designation in plaintiff's application, Form 10, of the defendant as the Southern Indiana Reduction Company was a misnomer.

"The Full Industrial Board, by a majority of its members, further finds that the defendant by Marley Evans, Sr., appeared at the hearing of this cause before a single member at the Court House in Corydon, Indiana, on March 20, 1941, at one-thirty P. M.; and that the Bituminous Casualty Corporation had knowledge and notice of the pendency of said claim of the plaintiffs and of the date fixed for hearing thereon but failed to appear."

The board entered an award upon the above finding:

. "That there is awarded plaintiffs in equal shares compensation as against the defendant at the rate of $8.80 per week beginning June 30, 1940, and continuing for a period of 300 weeks or until terminated, in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana. . . .

"It is further considered, ordered and adjudged by the Industrial Board of Indiana, by a majority of its members, that the petition of the Bituminous Casualty Corporation filed April 1, 1941, to vacate the original award dated March 26, 1941, be denied.

"It is further considered and ordered by the Full Industrial Board of Indiana, by a majority of its members, that the petition of the Bituminous Casualty Corporation filed March 29, 1941, to be made a party defendant to plaintiffs' application, Form 10, be denied.

"It is further considered and ordered and adjudged by the Full Industrial Board of Indiana, by a majority of its members, that the petition of the Bituminous Casualty Corporation filed April 1, 1941, asking leave to introduce additional and further evidence on review of the original award before the Full Industrial Board be denied.

"It is further considered, ordered and adjudged by the Full Industrial Board of Indiana, by a majority of its members, that the said Marley Evans, Sr., doing business under the style and name of Salem Rendering Company and Kentucky Rendering Company, on June 30, 1940, is the same defendant named in plaintiffs' application, Form 10, and was the employer of said decedent at that time.

"It is further considered, ordered and adjudged by the Full Industrial Board of Indiana, by a majority of its members, that the Bituminous Casualty Corporation had full notice and knowledge of the pendency of said claim and of the hearing of plaintiffs' application, Form 10, on March 20, 1941."

From the above finding and award of the full Industrial Board, the appellant, who is the insurance carrier

of the employer, has perfected this appeal. The error assigned is that the award of the full Industrial Board is contrary to law. This assignment is sufficient to present all alleged errors.

The main contention of the appellant is based upon its proposition that it was not represented at the hearing before a single member of the board "because of failure of the Industrial Board to send the customary notice of the filing of the said application and of the date fixed for the hearing of same to Appellant's counsel."

Another contention made by the appellant is that the Industrial Board abused its discretion in the hearing before the full board in denying the appellant's petition to be made party defendant, and then also denying the appellant's petition to introduce additional evidence. It is next argued that the record does not disclose that there was a disagreement as to compensation payments between the parties before the claim for compensation was filed, and that therefore the Industrial Board has no jurisdiction to hear and determine the claim. The next contention made by the appellant is that the Industrial Board erred in holding that the appellees were wholly dependent upon the decedent for support, and that at most the record showed only partial dependence.

The last contention of the appellant is that the record does not disclose that the decedent was an employee of the defendants, Marley Evans, Sr. and Marley Evans, Jr., d/b/a Southern Indiana Reduction Company.

With reference to the last named contention of the appellant, it is to be noted that in the claim for compensation, Marley Evans, Sr. and Marley Evans, Jr. were alleged to be doing business under the name of Southern Indiana Reduction Company. The board, in its finding however, found that the name

Southern Indiana Reduction Company was a misnomer. The board also found that the Bituminous Casualty Corporation, the appellant herein, had knowledge and notice of the pendency of said claim and the date fixed for the hearing thereon but failed to appear. In view of this fact, we cannot see that the misnomer in any way harmed the appellant. In reference to the first proposition, it is to be observed that the compensation act does not require the Industrial Board to give notice of the hearing to the employer's insurance carrier. See § 40-1509, Burns' 1940 Replacement. The act expressly provides that notice to the employer is notice to the insurance carrier, and that the insurance policy must contain a provision to that effect. See § 40-1605, Burns' 1940 Replacement.

The appellant then makes the argument that the insurance carrier of an employer in a claim for compensation before the Industrial Board is an interested party and should be made a party to the proceedings upon its application seasonably filed, and that the Industrial Board's denial of the appellant's petition to be made a party defendant and in denying the appellant's petition to vacate the award was reversible error, and also that the board erred in denying the appellant's petition to be made a party and given permission to introduce additional evidence before the full board. The rule is that before vacating an award upon the motion of an insurance carrier, such insurance carrier should be required to make at least an *ex-parte prima-facia* case on the merits. It is our opinion that no such showing has been made herein, and that there is no reversible error in the said rulings of the board of which complaint is made. See *Aetna Life Ins. Co.* v. *Shiveley* (1921), 75 Ind. App. 620, 121 N. E. 50.

While the board would have power upon a timely showing of fraud, mistake, or gross irregularities, to vacate and set aside its award, yet, such a petition, based upon such alleged causes, should be closely and cautiously examined. See *Frankfort, etc., Ins. Co.* v. *Conduitt* (1921), 74 Ind. App. 584, 127 N. E. 212. The appellant contends that where an interested party is deprived of its right to appear and defend its interests, a judgment or award against such party would violate Sections 12 and 21 of Article 1, of the Constitution of the State of Indiana. We agree that this statement is correct as a general statement, but we find it not applicable in the case at bar. The board had evidence before it from which it could conclude that the appellant did have notice of the accident and that it made out and sent to the board its accident report and that it did have actual notice of the time and place of the original hearing before the Industrial Board. It is merely asserted by the appellant that the board failed to send it the customary notice. We do not believe that the appellant has been deprived of any of its rights. There would have been no error in granting the appellant's petition to appear and be made a party, and in fact such petitions are usually granted. Our question is whether or not any substantial rights of the appellant have been invaded by the complained of rulings. As previously stated, we think not. The appellant was a proper party but not a necessary party to the proceedings before the board.

It is next argued that the board abused its discretion in not allowing additional evidence to be introduced before the full board. It has been held many times by this court that the board has the right and power under the statute to hear additional testimony before the full board, but that this court will

not disturb the ruling of the board refusing to hear such testimony, unless it is shown that there is a clear abuse of discretion on the part of the board. We think such a showing has not been made in the instant case. In connection with the appellant's contentions above mentioned, it also is to be noted that the funeral expenses of $150.00 were paid by the appellant. Under such circumstances, some of the cases seem to hold that the appellant would not now be in a position to question the award herein. See *Lasear, Inc.* v. *Coffin* (1934), 99 Ind. App. 461, 192 N. E. 841.

We think that there was sufficient evidence before the board upon which to base its finding that before the claim was filed there was a disagreement between the parties as to compensation. The board, therefore, had jurisdiction to proceed as it did with the hearing.

In our opinion, there was sufficient evidence to sustain the finding of the board that the appellees were wholly dependent upon the said deceased son for their support. The question as to what constitutes total dependency within the meaning of the compensation law has been so often discussed by this court that we do not deem it necessary to extend this opinion by a discussion thereof.

Finding no reversible error, the award is affirmed and increased by the statutory penalty of five per cent.

NOTE.—Reported in 37 N. E. (2d) 684.