BITUMINOUS CASUALTY CORPORATION *v.* RORRES, D/B/A SOUTHERN ROSE SANDWICH SHOP ET AL.

[No. 18,800. Filed June 21, 1956. Rehearing denied July 17, 1956. Transfer denied October 17, 1956.]

*Henry L. Humrichouser,* of South Bend, *Smith & Yarling, Robert S. Smith* and *Richard W. Yarling,* all of Indianapolis, for appellant.

*Cholis & Cholis, Nichols P. Cholis, Alexiss T. Cholis,* and *Joseph J. Hempling,* all of South Bend, for appellees.

PER CURIAM.—Appellant in its brief asserts the only material issue before the Full Industrial Board of Indiana "was whether or not a valid contract of insurance existed between appellant and appellee George Rorres at the time of the injury to appellee Peter Rorres." (Hereinafter the term "appellee" will refer to George Rorres and/or Southern Rose Sandwich Shop. We will use the term "son" in referring to appellee Peter Rorres.) It is conceded by appellant that the evidence was sufficient to sustain the finding that the son was employed by appellee and received an accidental injury arising out of and in the course of his employment.

The record in this case discloses the following facts: About November, 1952, appellee purchased the tavern

and restaurant known as Southern Rose Sandwich Shop from its then owner Ernest Karras. It seems about the time the negotiations started the son put up $1,900.00 and was going to purchase this business. However, within about ten days he decided he did not want to take over the business and his father, the appellee herein, returned his $1,900.00 and purchased the business for himself. He employed his son as a bartender. At the time of transfer the public liability and workmen's compensation insurance was transferred to appellee through Shanahan & Company, insurance brokers of South Bend. In or about August 6, 1954 this agency sent him the policy which is in dispute here. This policy on its face shows it was issued by appellant to "Southern Rose Sandwich Shop." In six other clauses this name of the insured is used. Only in the declarations which were filled out, as was the policy, by appellant's agent, is the name of the employer listed as Peter Rorres, d/b/a Southern Rose Sandwich Shop. The statement for this insurance was addressed to appellee d/b/a "Southern Rose Sandwich Shop." The policy was delivered to appellee in an envelope addressed to the Southern Rose Sandwich Shop and placed unopened in the business safe of said appellee. Appellee paid the premium with his personal check. Appellant's examiner made an audit of wages paid in order to determine the premium due. The examination disclosed that the son worked for appellee who owned the business.

Appellant first contends that the effect of the Board's action was to reform its insurance contract and that the Board had no authority to make such reformation. We cannot agree with either of those contentions. Section 40-1509, Burns' 1952 Replacement, provides:

> "All disputes arising under this act, if not settled
> by the agreement of the parties interested therein,

with the approval of the board, shall be determined by the board."

In *In re Kelley* (1917), 64 Ind. App. 594, 116 N. E. 306, in construing the above provision of the █ Act, together with other sections, the court said:

"Here there can be no doubt that an injured employe, the employer and the insurance carrier are all within the purview of the act under consideration. Such being the case, the statute should be liberally construed to promote the ends intended to be secured by its enactment. Effect should be given to all parts of the statute where it is reasonably possible so to do in harmony with the spirit and purpose of the whole act. . . .

"The broad powers conferred upon the Industrial Board are ample to prevent the abuse of any of the provisions of the law applicable to insurance carriers as well as to the other parties concerned in its practical operation. . . . The insurance carrier contracts with reference to all the provisions of the statute, and is bound by the spirit and purpose of the law as well as by the letter of the act.

"To give effect to this law and secure the ends that are apparent from its provisions, considered in their entirety, we must, of necessity, depart from the rules of law and much of the reasoning employed in dealing with negligence cases. The purpose or intent of this law is different from that which obtains in dealing with questions of duty and fault and the legal right to recover damages."

The facts in the case of *Aetna Life Insurance Company* v. *Shireman, Executor et al.* (1929), 90 Ind. App. 498, 167 N. E. 630, were somewhat analogous to those here. In that case a particular policy of Workmen's Compensation was issued to the "A. R. Shireman Estate"; that under the provisions of the will the executor of the estate had the right to operate the business for a period of two years; that subsequently, after the expiration of said two years the policy was continued

in the name of the A. R. Shireman Estate while the business was conducted by its heirs and the insurance carrier had made an audit of the books of the employer. This court, speaking through Judge McMahan, held that the insurance carrier was liable and stated, at page 501:

> "The evidence is sufficient to sustain a finding that, after the expiration of the two years during which Howard Shireman, as executor, was authorized by the will to conduct the business, the business was thereafter conducted by the heirs and legatees of the testator, the same as before and under the same name, and that Howard continud to conduct and manage such business for and on their behalf. Appellant, in its brief, admits that its policy of insurance was intended to and did cover the fuel and material business known as 'A. R. Shireman & Son.' That business was not being conducted by the executor of the estate under the provisions of the will. It was being conducted by the legatees of the decedent, and was covered by the policy of insurance issued by appellant. It was a part of the business of such legatees, as conducted by them, to look after the rental property in question, to make repairs thereon and to employ men to make such repairs."

To the same effect, this court, in *Bituminous Casualty Corporation* v. *Dowling et al.* (1942), 111 Ind. App. 256, 37 N. E. 2d 684, wherein an insurance policy was issued in the name of Southern Indiana Reduction Company. This was a misnomer and the proper name was the Salem Rendering Company and the Kentucky Rendering Company. The appellant contended that the deceased was not an employee of the Southern Indiana Reduction Company. This court found that this was a misnomer and that the insurance carrier was in no way harmed by this error and that the evidence was sufficient to sustain the award.

It seems clear to us that the appellant herein by its policy insured the business known as the Southern Rose

Sandwich Shop against liability for injury to its employees under our Compensation Act. It is undisputed the employee received an accidental injury arising out of and in the course of his employment in said business. The fact that through an error of its agent or representative in the declarations the owner was not correctly named cannot and should not relieve appellant from its liability under its insurance policy. This is particularly true since the examination of appellee's books by appellant's representatives prior to the accident disclosed that appellee was the owner of this business and the son an employee of said business. As stated in the Bituminous case, *supra,* appellant was not harmed by the action of the Board in this case.

Finally, there was, in our opinion, ample evidence to sustain the finding of the Board as to the amount of compensation to which the son was entitled.

Award affirmed with usual penalty.

NOTE.—Reported in 135 N. E. 2d 523.
Transfer denied, Landis, C. J.