UNITED TOOLCRAFT, INC. ET AL. *v.* SOUSLEY.

[No. 18,822. Filed November 20, 1956. Rehearing denied December 14, 1956. Transfer denied March 27, 1957.]

*Roland Obenchain, Jones, Obenchain & Butler,* all of South Bend, for appellants.

*Alvin D. Blieden,* of Michigan City, for appellee.

KENDALL, C. J.—Appellee filed application on Form No. 9 for compensation for personal injuries alleged to have been sustained on or about July 20, 1953, by reason of an accident arising out of and in the course of his employment.

In addition to appellants' answer in denial, additional paragraphs of answer were filed setting forth their contentions that the employer was covered by a workman's compensation policy, as well as a group policy, which group policy provided for loss of wages and incidental medical and hospital expenses not compensable under the Workmen's Compensation Act, both of which policies were issued by the same insurance carrier; that appellee received Seven Hundred and Seventy-nine ($779.00) Dollars benefit from the group policy; that as a result of said payment, he was not entitled to now claim benefits under the Workmen's Compen-

sation Act, or, if he should recover, refund should be made in that amount. Contention was further made that the findings of the Board to the effect that the appellants did not furnish statutory medical attention and supplies is not a finding of fact but is a conclusion of law; further, that the Full Board could not reverse the Single Hearing Member where there was evidence to support the Hearing Member's findings.

The Hearing Member denied relief. Upon a review by the Full Board, an award of compensation was made by the majority, two members dissenting.

The sole error assigned by appellants is that the award is contrary to law. Under the assignment, the first proposition argued is, "The three non-hearing members failed to find the facts on the issues presented by the last three paragraphs of answer."

On the matters set forth by appellants in the last three paragraphs of answer, there was evidence introduced in the original hearing. There is no doubt but what the Board failed to make any finding whatsoever relating to the issues presented in the last three paragraphs of appellants' answer. Failure to make findings on such issues as presented by appellants, defendants below, estops this court from adjudicating finally the questions presented by the last three paragraphs of answer for the reason that upon the Board rests the duty and obligation of making findings of fact on all issues presented.

Appellee cites the case of *Czuczko* v. *Golden-Gary Co., Inc.* (1931), 94 Ind. App. 47, 177 N. E. 466, 179 N. E. 19, as authority that the failure to find on affirmative paragraphs of answer was a finding against appellants. That case is no longer authority on that proposition, as it was overruled by this court in the case of *Hayes Freight Lines* v. *Martin* (1948), 118 Ind. App. 139, 77 N. E. 2d 900, which case is identical

with the question presented by appellants in their first proposition. *Cole* v. *Sheehan Construction Company* (1944), 222 Ind. 274, 53 N. E. 2d 172.

Proceeding remanded to the Industrial Board with instructions to make findings of fact on the issues presented by appellants in appellants' last three paragraphs of special answer.

NOTE.—Reported in 138 N. E. 2d 165.