LaGARDA SECURITY, Appellant–
Defendant,

v.

Alva LAWALIN, Appellee–Plaintiff.

No. 93A02–0401–EX–14.

Court of Appeals of Indiana.

July 30, 2004.

Donald S. Smith, Michael Patrick Dugan, Riley Bennet & Egloff, Indianapolis, IN, Attorneys for Appellant.

## OPINION

SHARPNACK, Judge.

LaGarda Security ("LaGarda") appeals from an order of the full Indiana Worker's Compensation Board ("Board") denying LaGarda's motion to set aside an award of benefits to Alva Lawalin entered after La-

Garda failed to appear at the adjustment claim hearing. LaGarda raises one issue, which we restate as whether the Board erred by denying LaGarda's motion to set aside the worker's compensation award in favor of Lawalin. We affirm.

The relevant facts follow. On October 29, 2001, Lawalin, who was employed as a security guard with LaGarda, sustained neck injuries during the course of his employment. The next day, Lawalin informed LaGarda that he had injured his neck on the job, and Lawalin's supervisor told him to seek medical care. Lawalin went to the hospital, where he received treatment and medication. He later consulted a neurosurgeon, who diagnosed Lawalin as having a herniated disc in his neck that required surgery.

Lawalin repeatedly called LaGarda to check on his worker's compensation claim, and the day before Lawalin's scheduled neck surgery, LaGarda verbally informed Lawalin that his worker's compensation claim had been denied. Lawalin requested that LaGarda give him a written denial that he could submit to his health insurance, but LaGarda refused to do so. Thereafter, Lawalin incurred medical expenses in the course of his treatment for his neck. At the time of Lawalin's injury, LaGarda had a worker's compensation insurance policy but had failed to notify the Board of its worker's compensation insurance carrier.

In March 2002, Lawalin filed an application for adjustment of claim against LaGarda with the Board. In April 2002, the Board notified LaGarda that a pre-trial conference would be held on June 11, 2002 and ordered LaGarda to secure counsel to represent it. LaGarda did not hire counsel and did not appear at the pre-trial conference. In September 2002, the Board notified LaGarda that the hearing on Lawalin's adjustment claim would be held on December 16, 2002 and again ordered LaGarda to secure counsel to represent it. LaGarda did not hire counsel and did not appear at the December adjustment claim hearing, which was conducted by a single hearing member of the Board. In January 2003, the single hearing member issued an award finding LaGarda responsible for Lawalin's temporary total disability benefits, medical expenses, ongoing medical treatment, and bad faith damages.

In February 2003, LaGarda moved to set aside the award and for review by the full Board. In its motion, LaGarda argued the award order should be set aside because: (1) the death of its principal owner led to "significant obstacles in operating the business;" (2) the notices of the pre-trial conference and hearing were not properly processed by the LaGarda employees in charge of worker's compensation claims; and (3) LaGarda and its worker's compensation insurance carrier "were without actual knowledge of the pre-trial conference and hearing proceedings." Appellant's Appendix at 30–33. The single hearing member held a hearing on LaGarda's motion to set aside the award and issued an order denying LaGarda's motion. The order provided, in pertinent part:

1. [LaGarda's] representative testified that corporate upheaval has reigned since the death of the founder in March 2002. He further testified that the individual who had been in charge of processing worker's compensation claims was later discovered not to be properly processing its materials, including [Lawalin's] claim.

2. The Single Hearing Member does not find these reasons to be of a sufficient character and severity as to warrant the setting aside of an Award related to an injury that oc-

curred nearly two years ago and with respect to which [LaGarda] has only recently begun participating in the proceedings. To allow corporate mismanagement and upheaval to be a sufficient basis for setting aside an Award, the burden of monitoring corporate internal affairs of a company would shift onto injured workers.

3. The Single Hearing Member notes that although [LaGarda] never responded to any notice of pre-trial or hearing in this matter it made an immediate response to the Award in this matter.

4. Even were the cited circumstances deemed to warrant the setting aside of the Award, the Worker's Compensation system in Indiana provides a "safety net" whereby the worker's compensation insurance carrier will receive notice of claims and hearings even if the employer [LaGarda] is unable to track its claims. For that reason, among others, the existence and nature of coverage is required to be reported to the Board. Although [LaGarda] presented evidence that a worker's compensation insurance policy existed to cover [Lawalin] on the date of his injury, it provided no evidence that the proper notification to the Board of that coverage has ever been made. Again, burdening [Lawalin] with a neglect not of his making would be [an] anathema to the purpose of the Act.

5. Although [LaGarda's] representative testified to having examined the file and having spoken to witnesses as to this claim, no medical evaluation of

Plaintiff's condition has yet been undertaken by [LaGarda].

6. The Motion to Set Aside Award filed February 10, 2003 should be and hereby is DENIED.

Appellant's Appendix at 8. Upon LaGarda's application for review by the full Board, the Board adopted the single hearing member's findings and conclusions.

▇▇▇ The sole issue is whether the Board erred by denying LaGarda's motion to set aside the worker's compensation award in favor of Lawalin.[1] Indiana Code § 22–3–4–8(b) (1998) provides that an "award by the full board shall be conclusive and binding as to all questions of the fact, but either party ... may ... appeal to the court of appeals for errors of law under the same terms and conditions as govern appeals in ordinary civil actions." Accordingly, we apply a deferential standard of review under which we are "bound by the Board's findings of fact and may not disturb its determination unless the evidence is undisputed and leads undeniably to a contrary conclusion." *Greenberg News Network v. Frederick*, 793 N.E.2d 311, 314 (Ind.Ct.App.2003). We first review the findings to determine if there is "any competent evidence of probative value" in the record to support them. *Id.* at 315. We may neither reweigh the evidence nor reassess the credibility of the witnesses. *Id.* Instead, we must consider only the evidence, and the reasonable inferences therefrom, most favorable to the Board's decision. *Id.* After reviewing the sufficiency of the evidence supporting the findings, we determine whether those find-

---

1. We note that Lawalin has not filed an appellee's brief. Accordingly, we do not undertake the burden of developing arguments for the appellee because that is appellee's duty. *Parkhurst v. Van Winkle*, 786 N.E.2d 1159, 1160 (Ind.Ct.App.2003). When the appellee does not file a brief, we apply a less stringent standard of review and may reverse when the appellant establishes prima facie error. *Id.*

ings are sufficient to support the judgment. *Id.*

 LaGarda argues that the Board erred by denying its motion to set aside the award because: (1) the death of its founder and principal owner led to "total chaos" in the company; and (2) the "rogue manager" in charge of worker's compensation claims "mishandled" the notices and paperwork from the Board. Appellant's Brief at 6, 9–10. LaGarda argues that the "exceptional circumstances of the turmoil at LaGarda Security ... [were] sufficient to justify setting aside the award."[2] *Id.* at 5.

 The Board "has the power on the application of any interested party to vacate its own [award] order on application, seasonably and diligently made, where it appears that any such order is a result of fraud, duress, mistake, or gross irregularity affecting substantial rights." *Rassbach v. Alcala,* 775 N.E.2d 353, 359 (Ind.Ct.App.

2002) (quoting *Armes v. Pierce Governor Co.,* 121 Ind.App. 566, 573, 101 N.E.2d 199, 203 (1951)). However, such a petition to set aside an award "should be closely and cautiously examined." *Bituminous Cas. Corp. v. Dowling,* 111 Ind.App. 256, 263, 37 N.E.2d 684, 687 (1941).

We find *Bituminous* instructive in resolving whether the Board erred by denying LaGarda's motion to set aside the award. In *Bituminous,* the employee and employer appeared before a single hearing member for a hearing on the employee's adjustment claim, and the Board issued an award in favor of the employee. *Bituminous,* 37 N.E.2d at 685–686. Thereafter, the employer's worker's compensation insurance carrier moved to vacate the award and to introduce additional evidence and argued that it did not have the opportunity to do so at the hearing due to the Board's failure to send it "customary notice" of the hearing. *Id.* The Board found that the insurance carrier had knowledge and no-

---

**2.** LaGarda argues that the "chaos" and "turmoil" in its company constituted "excusable neglect," under Ind. Trial Rule 60(B)(1), sufficient to justify setting aside the award. Appellant's Brief at 5, 10. LaGarda argues that "the Full Board and the Hearing Member accepted the basic analytical structure of [Ind.] Trial Rules 55 and 60 [regarding setting aside a default judgment] for addressing LaGarda Security's Motion to Set Aside Award" and that we should review the Board's denial of its motion to set aside the award under the standard of review applicable to a trial court's decision to grant or deny a motion to set aside a default judgment. *Id.* at 7, 8. We disagree.

First, the Board's order and the single hearing member's order, which the Board adopted, did not make any reference to using the Trial Rules or analyzing LaGarda's motion under a default judgment analysis. Furthermore, the Board's rules and procedures, which are set out in the Indiana Administrative Code, provide that:

> Except as provided below the industrial board will not be bound by any technical rules of practice in conducting hearings,

but will conduct such hearings and make such investigations in reference to the questions at issue in such manner as in its judgment are best adapted to ascertain and determine expeditiously and accurately the substantial rights of the parties and to carry out justly the spirit of "The Indiana Workmen's Compensation Act (IC 22–3–2—IC 22–3–6)[.]" However, the industrial board incorporates by reference the provisions of Trial Rules 26 through 37 [the rules regarding depositions and discovery], as amended, of the Indiana Rules of Trial Procedure, into this rule.

631 IAC 1–1–3. Thus, Ind. Trial Rules 55 and 60 regarding setting aside a default judgment are not applicable to the Board's order denying LaGarda's motion to set aside the award. *See* 631 IAC 1–1–3; *see also Clary v. Nat'l Friction Prods., Inc.,* 259 Ind. 581, 586, 290 N.E.2d 53, 56 (1972) (holding that the Ind. Trial Rules do not apply to actions before the Board); *Josam Mfg. Co. v. Ross,* 428 N.E.2d 74, 75 (Ind.Ct.App.1981), (stating that the Ind. Trial Rules, except Trial Rules 26 through 37, "do not govern or bind" the Board), *reh'g denied.*

tice of the hearing but had failed to appear, and the Board denied the insurance carrier's motion to vacate the award. *Id.*

On appeal, the insurance carrier argued that "where an interested party is deprived of its right to appear and defend its interests, a judgment or award against such a party would violate the [Indiana] Constitution[.]" *Id.* at 687. We agreed that such a contention was "correct as a general statement" but found that it was not applicable where such a party has notice of the hearing. *Id.* After noting that the Worker's Compensation Act provided that notice to an employer constitutes notice to the insurance carrier, we concluded that the Board had evidence before it from which it could have concluded that the insurance carrier had actual notice of the hearing and held that there was no gross irregularity that deprived the insurance carrier of any of its substantial rights. *Bituminous,* 37 N.E.2d at 686–687; *see also* Ind.Code § 22–3–5–5(c)(3) (1998) (providing that an employer's notice or knowledge of an employee's injury is imputed to the worker's compensation carrier). Thus, we affirmed the Board's denial of the insurance carrier's motion to set aside the award. *Id.*

Similar to *Bituminous,* here, the Board did not err by denying LaGarda's motion to set aside the award because there was no gross irregularity. Lawalin informed LaGarda that he had injured his neck on the job, and he was later diagnosed as having a herniated disc in his neck that required surgery. LaGarda verbally informed Lawalin that his worker's compensation claim had been denied and refused to provide him with a written denial that he could submit to his health insurance. After Lawalin filed an application for adjustment of claim against LaGarda with the Board, the Board sent LaGarda notices of the pre-trial conference and adjust-

ment claim hearing and ordered LaGarda to secure counsel to represent it. LaGarda did not hire counsel and did not appear at either the pre-trial conference or the claim hearing. LaGarda only responded to the Board after the single hearing member issued its award in favor of Lawalin.

During the hearing on LaGarda's motion to set aside the award, a representative of LaGarda testified that the company had been in "total chaos" after the death of LaGarda's founding owner and that the employee in charge of worker's compensation claims "had the habit of putting things in the back of the filing cabinet that could not be found." Appellant's Appendix at 71. In denying LaGarda's motion, the Board concluded that the "corporate upheaval" after the death of LaGarda's founder and the improper processing of worker's compensation claims were not reasons "of a sufficient character and severity as to warrant the setting aside of an Award" and that to "allow corporate mismanagement and upheaval to be a sufficient basis for setting aside an Award, the burden of monitoring corporate internal affairs of a company would shift onto injured workers." Appellant's Appendix at 8. The Board further concluded that:

> Even were the cited circumstances deemed to warrant the setting aside of the Award, the Worker's Compensation system in Indiana provides a "safety net" whereby the worker's compensation insurance carrier will receive notice of claims and hearings even if the employer [LaGarda] is unable to track its claims. For that reason, among others, the existence and nature of coverage is required to be reported to the Board. Although [LaGarda] presented evidence that a worker's compensation insurance policy existed to cover [Lawalin] on the date of his injury, it provided no evidence that the proper notification to the

Board of that coverage has ever been made. Again, burdening [Lawalin] with a neglect not of his making would be [an] anathema to the purpose of the Act.

*Id.* We cannot say that the Board's conclusions are erroneous. Thus, we conclude that the Board did not err by denying LaGarda's motion to set aside the award. *See, e.g., Bituminous,* 37 N.E.2d at 685–686; *see also Armes,* 121 Ind.App. at 575–576, 101 N.E.2d at 203–204 (reversing the Board's denial of an employee's motion to vacate its order denying compensation after finding a gross irregularity affecting the employee's substantial right to cross-examine a Board-appointed doctor where the Board failed to provide notice to the employee of a hearing in which the Board-appointed doctor testified).

For the foregoing reasons, we affirm the Board's order denying LaGarda's motion to set aside the worker's compensation award.

Affirmed.

DARDEN, J., and ROBB, J., concur.