RICH *v.* FIDELITY TRUST COMPANY OF INDIANAPOLIS, ETC., ET AL.

[No. 19,926. Filed June 14, 1965. Rehearing denied July 26, 1965. Transfer denied October 7, 1965.]

Rochford & Rochford, Paul T. Rochford and Frank
E. Spencer, of Indianapolis, for appellant.

James E. Rocap, Jr., Robert G. Robb, Paul Y. Davis,
John R. Carr, Jr., and Rocap, Rocap, Reese & Robb, of
counsel, of Indianapolis, for appellees.

MOTE, J.—This same matter previously has been be-
fore this Court and, on June 18, 1964, this cause, by
a majority of the First Division, was "remanded to
the trial court with instructions to modify the judg-
ment only in such manner as to eliminate all ambigui-
ties as to the extent and adjudication of the abatement
heretofore ordered and entered by said trial court, and
thereafter certify said judgment so corrected to this
Court for further disposition of this appeal." See Rich
v. Fidelity Trust Co. of Indianapolis, Indiana, Trustee
for the French Lick Hotel Co., Inc., et al. (1964), 199
N. E. 2d 351.

On remand the trial court entered and certified a
new judgment and order as follows:

"The Court having heard the evidence on Defen-
dant Fidelity Trust Company of Indianapolis,
Trustee and Fidelity Trust Company of Indianapo-
lis, former Trustee's Plea in Abatement now or-
ders said cause of action to abate as to said Fidel-
ity Trust Company of Indianapolis, Trustee and
Fidelity Trust Company of Indianapolis, Indiana,
former Trustee only and said cause to continue as
to other defendants, to which ruling of the Court,
the Plaintiff excepts."

Appellant filed in this Court on April 14, 1965, her
addendum to statement of the record contained in her
original brief and thereby recognized that the remand
was for the purpose of eliminating "all ambiguities
as to the extent and adjudication of the abatement
heretofore ordered and entered by said trial court".

On January 7, 1954, appellant brought an action in the Marion Superior Court, Room No. 2, by filing a complaint and causing summons to be issued and served upon appellees. The complaint was in three paragraphs. The first paragraph, among other things, alleged that on January 14, 1952, when appellant was a paying guest at the "French Lick Springs Hotel", she was injured and suffered damages as a result of certain negligence of employees of the then operator of said hotel. Said hotel had been owned and operated by appellee, the French Lick Hotel Company, Inc., an Indiana corporation, but at the time of the alleged injuries to said appellant, appellee, Fidelity Trust Company of Indianapolis, Indiana, as Trustee for the latter, in proceedings for the reorganization of a corporation, No. 632 in U. S. District Court for the Southern District of Indiana, New Albany Division, was the operator of said hotel.

The second rhetorical paragraph of complaint incorporated by reference much of the first paragraph and alleged also that on July 15, 1952, in said proceedings in said Cause No. 632, appellee, Massachusetts Mutual Life Insurance Company of Springfield, Massachusetts, a corporation foreign to, but licensed to transact business in, Indiana, "assumed and agreed to pay all claims and indebtedness of the French Lick Hotel Company, Inc., and Fidelity Trust Company of Indianapolis, Indiana, Trustee, as aforesaid, and Fidelity Trust Company of Indianapolis, Indiana, former Trustee, as aforesaid."

The third rhetorical paragraph of complaint incorporated by reference much of the said first rhetorical paragraph of complaint, but in addition thereto alleged that on July 15, 1952, said appellee, Massachusetts Mutual Life Insurance Company of Springfield, Massachusetts, "received from Fidelity Trust Company

of Indianapolis, Indiana, Trustee, as aforesaid, the property and business of the defendant, The French Lick Hotel Co., Inc.; and that thereafter, on a date unknown to plaintiff, . . . sold and transferred its hotel property, consisting of the hotel known and referred to as 'French Lick Springs Hotel' to the defendant, French Lick Hotel Corporation, formerly Orange County Realty Corporation; and that the defendants, Massachusetts Mutual Life Insurance Company of Springfield, Massachusetts, and French Lick Hotel Corporation, formerly Orange County Realty Corporation, assumed and agreed to pay all claims and indebtedness of The French Lick Hotel Co., Inc., and Fidelity Trust Company of Indianapolis, Indiana, Trustee, as aforesaid, and Fidelity Trust Company of Indianapolis, Indiana, former Trustee, as aforesaid." By her said complaint appellant sought Twenty-five Thousand ($25,000.00) Dollars in damages for said alleged injuries.

There is agreement between the parties concerning the record in the trial court which discloses that the appellees, French Lick Hotel Company, Inc., and French Lick Hotel Corporation, filed an answer to appellant's complaint, as did appellee, Massachusetts Life Insurance Company. The appellee, Fidelity Trust Company, as Trustee and as former Trustee, filed a plea in abatement which, as stated in appellant's brief, alleged substantially as follows:

(1) That the alleged tortious conduct allegedly arose during the operation of the premises by appellee, Fidelity Trust Company of Indianapolis, Indiana, Trustee by appointment, as aforesaid, for the purposes aforesaid.

(2) That said Trustee was appointed by the United States District Court for the Southern District of Indiana, New Albany Division, and was discharged as

such and that the trust was terminated by order of said court on December 2, 1952.

(3) That the order approving the final report and the final decree discharging the Trustee and closing of the estate in said proceeding No. 632, omitting the formal parts, is in the words and figures following:

"ORDER APPROVING TRUSTEE'S FINAL REPORT AND FINAL DECREE DISCHARGING TRUSTEE AND CLOSING ESTATE

"A hearing having been held on the 19th day of November, 1952, pursuant to the order of this Court dated October 28, 1952, on the Trustee's Final Report, Including Report of Operations For Entire Period of Trustee's Control of Debtor's Property, And Petition For Final Decree, and John K. Rickles, Special Master and Referee to whom this cause has been referred generally to hear and report, having filed his report recommending approval of the said Trustee's Final Report and Petition For Final Decree, which report of the Special Master and Referee is in words and figures as follows, to-wit:

(H.I.)

"And notice of said hearing having been given as required by the Bankruptcy Act and no objection to said Trustee's Final Report And Petition For Final Decree having been made at said hearing, and the Court having examined said Report of the Special Master and Referee, and being duly advised in the premises, now finds that said Report insofar as it recommends the approval of the said Trustee's Final Report and Petition For Final Decree and the discharge of the said Trustee, together with the cancellation of its bond and the clsoing of the trust estate, should be, and the same hereby is approved.

"IT IS, THEREFORE, ORDERED, DETERMINED, ADJUDGED AND DECREED that the Trustee's Final Report, Including Report Of Operations For Entire Period Of Trustee's Control of Debtor's Property, And Petition For Final Decree be, and the same hereby is, approved and confirmed.

"AND IT IS FURTHER ORDERED, DETERMINED, ADJUDGED AND DECREED that all acts of the Fidelity Trust Company, Trustee herein, and its employees and agents during the term of its trusteeship with respect to said trust, are hereby ratified, approved and confirmed.

"AND IT IS FURTHER ORDERED, DETERMINED, ADJUDGED AND DECREED that the said Fidelity Trust Company, as Trustee, be, and it hereby is, discharged from its said trust and that the fidelity bond with this Court by the said Trustee covering its activities as such Trustee be, and the same is, hereby canceled and the said Trustee released and discharged from any and all liability of any nature whatsoever upon said bond.

"AND IT IS FURTHER ORDERED, DETERMINED, ADJUDGED AND DECREED that all creditors of, claimants against, stockholders or any persons having or claiming interests of any nature whatsoever in the property and assets of the debtor herein, whatsoever situated or domiciled, by, and they are hereby, permanently enjoined and stayed from pursuing or attempting to pursue or commence any suits or proceedings at law, in equity or otherwise, against the said debtor or its property, or against any nominee, assignee or grantee of said debtor, or against any person or persons, corporation or corporations, claiming by, under or through it, directly or indirectly, on account of or based upon any right, claim or interest which any such creditor, claimant, stockholder or other person may have had at the date of the filing of the petition of the debtor herein praying that proceedings be had under Chapter X of the Bankruptcy Act or which such person may have acquired during the pendency of this proceeding, in, to, or against the said debtor herein and against its property and assets, except with respect to claims, rights or interests arising out of the Amended Plan of Reorganization Involving Secured and Unsecured Claims and Common Stock confirmed by this Court on July 11, 1952, or the orders of this Court.

"AND IT IS FURTHER ORDERED, DETERMINED, ADJUDGED AND DECREED that The French Lick Hotel Co., Inc., the debtor herein,

be, and it hereby is, discharged from all its debts and liabilities existing at the date of the filing of the petition of the said debtor herein praying that the proceedings be had under Chapter X of the Bankruptcy Act or arising during the pendency of the proceedings, except trade accounts necessary to the continued operation of the debtor's property; and all rights and interests of its stockholder, or stockholders of record as of the date of the filing of the petition of the debtor herein praying that proceedings be had under Chapter X of the Bankruptcy Act, be, and they hereby are, terminated, except as was provided in the aforesaid Amended Plan of Reorganization Involving Secured and Unsecured Claims and Common Stock, which said Plan was confirmed by the order of this Court herein dated July 11, 1952.

"AND IT IS FURTHER ORDERED, DETERMINED, ADJUDGED AND DECREED that inasmuch as the aforesaid Amended Plan of Reorganization Involving Secured and Unsecured Claims and Common Stock confirmed herein by the order of this Court dated July 11, 1952, provided for immediate distribution to all creditors and the stockholder of the debtor corporation of the full amounts to which they respectively were entitled thereunder regardless of whether or not proofs of claims with respect thereto had been filed; and inasmuch as such distribution has been fully effected by the Trustee; and inasmuch as there is no additional capital stock of the debtor to be surrendered or exchanged and no other securities of the debtor of any nature or description whatsoever to be surrendered or exchanged, Section 204 of the Bankruptcy Act does not require the fixing of a time not less than five years after the final decree closing the estate within which creditors and holders of securities other than creditors shall file, assign, transfer or release their claims or present or surrender their securities.

"AND IT IS FURTHER ORDERED, DETERMINED, ADJUDGED AND DECREED that the Trustee shall pay to the French Lick Hotel Co., Inc., the debtor herein, the balance of funds remaining in the Trustee's custody after consummation of the said Amended Plan and after payment

of all costs and expenses of the proceeding and of the consummation of said Amended Plan.

"AND IT IS FURTHER ORDERED, DETERMINED, ADJUDGED AND DECREED that the estate of the French Lick Hotel Co., Inc., debtor in the proceeding for the reorganization of said corporation, pursuant to the provisions of Chapter X of the Bankruptcy Act, be and the same hereby is, terminated and closed, with jurisdiction reserved to the Court to make such orders or to do such things as may be proper or necessary in the premises to carry out the provisions of this order, and for no other purpose.

"Entered this 2nd day of December, 1952, at Indianapolis, Indiana.

WILLIAM E. STECKLER,
_____
JUDGE                    "

(4), (5) and (6). On January 6, 1954, appellant filed in the said United States District Court her petition to modify the order and injunction, to reopen the trust, and for leave to sue the appellee, Fidelity Trust Company of Indianapolis, Indiana, former Trustee, which said petition was denied on January 22, 1954, from which order appellant herein has not appealed.

(7) There has been no successor trustee appointed by said court; said trustee is not a legal entity, and the designation "former Trustee" is mere nomenclature given to the said Trustee by the appellant, and is not an official designation given to said Fidelity Trust Company, etc., by any court, and in particular by the United States District Court, Southern District of Indiana.

Appellant requested a trial by jury and then filed a demurrer to the Plea in Abatement, which demurrer was overruled; whereupon, appellant filed a reply denying certain allegations of the Plea in Abatement,

thus closing the issues as between the real parties to this particular appeal.

A change of venue was thereafter taken to the Morgan Circuit Court of Morgan County, Indiana, and a hearing was held without the intervention of a jury, upon the Plea in Abatement and the reply thereto, which resulted in the following judgment:

> "The Court having heard evidence on Defendant Fidelity Trust Co. of Indianapolis, Trustee and Fidelity Trust Co. of Indianapolis, Indiana, former trustee's Plea in abatement and orders said cause of action abate, to which ruling of the Court the Plaintiff excepts. Notify Attys."

Because of the alleged ambiguity of said order the said cause was remanded to the trial court for clarification which, as aforesaid, has been clarified in the manner heretofore set forth. It is clear, therefore, that the order of abatement applies only to the appellees, Fidelity Trust Company of Indianapolis, Indiana, Trustee for the French Lick Hotel Company, Inc., and Fidelity Trust Company of Indianapolis, Indiana, former Trustee for said hotel company, as denominated and designated by appellant in her complaint.

The trial below was had on the issues formed by the allegations of the Plea in Abatement and the reply.

With these issues in mind, we now refer to the evidence, mostly documentary, including appellees' Exhibits Numbers 1, 2 and 3, admitted over appellant's objections, not including a copy of the complaint, nor a copy of appellant's Exhibit "A", being a copy of letter conceding the existence of insurance to protect the Trustee, but with the objections of appellant to the admission of all three exhibits, as follow:

Exhibit No. 1, being the order approving the Trustee's Final Report, etc., is set forth above.

Exhibit No. 2, omitting the formal parts, is as follows:

### " PETITION TO MODIFY INJUNCTION TO REOPEN TRUST AND FOR LEAVE TO SUE THE FORMER TRUSTEE

"TO THE HONORABLE WILLIAM E. STECKLER, JUDGE:

"Your petitioner herein, Mary C. Rich, would respectfully show that she is a resident of the City of Indianapolis, Marion County, Indiana, residing at 1040 North Delaware Street, Apartment No. 73 in said City, county and State.

"Your petitioner further shows that this matter herein was finally closed by order of this Court approving the final report of Fidelity Trust Company of Indianapolis, Indiana, Trustee for the debtor herein, as of December 2, 1952; and that said Trustee under authority of this Court, operated the 'French Lick Springs Hotel' at French Lick, Indiana, the property of the debtor, for the period from July 25, 1951 to July 15, 1952.

"Your petitioner further shows to the Court that on January 14, 1952, which was a date within the period of time said hotel was operated by said Trustee as aforesaid, this plaintiff received personal injuries while she was in and upon the premises of the 'French Lick Springs Hotel' so operated at said time by said Trustee aforesaid; and that the injuries so received by petitioner were a direct and proximate result of the negligence of an agent, servant and employee of the said Trustee; and that as a result of the injuries so received by this petitioner, petitioner did on January 14, 1952, have a right of action for damages against such Trustee for the injuries so received by her, which said injuries are now permanent.

"Your petitioner further shows that she is desirous of making the Fidelity Trust Company of In-

dianapolis, Indiana, Trustee for the debtor herein, a party defendant to a cause of action or actions which right she is granted by the laws of the State of Indiana to do so for damages and for her said injuries and loss; that this matter herein was closed on December 2, 1952, and her right to maintain an action against said former Trustee does not expire under Vol. 2 F.C.A. Title 11, Section 29 (d) until two years from such date.

"Your petitioner further shows that she has been informed and believes that at the time she sustained the injuries to her person while in and upon said hotel premises, the said Trustee herein was insured by the Indemnity Insurance Company of North America; that a copy of the complaint which she proposes to file is attached hereto and made a part hereof and for indentification marked Exhibit 'A', and that the prayer thereof is for the sum of $25,000.00.

"Your petitioner would further respectfully show to the Court that on the — day of ——, 1952, the Honorable William E. Steckler, Judge of this Court, issues an injunction against creditors for the filing of actions against the persons or corporations herein involved, and that this petitioner believes that her right of action is of such a nature it should not be included in those actions to which such injunction applies and that she should be granted the right to sue said former Trustee.

"WHEREFORE, petitioner prays that the injunction heretofore issued as to the filing of actions by creditors be modified; that the trust be reopened and permission granted to this petitioner to sue Fidelity Trust Company, or its successor Trustee herein for injuries received by petitioner on January 14, 1952, and for all other proper relief in the premises.

MARY C. RICH

Mary C. Rich

"

Exhibit No. 3, omitting the formal parts, is as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN THE MATTER OF
THE FRENCH LICK
HOTEL CO., INC.

DEBTORS

IN PROCEEDINGS
FOR THE REOR-
GANIZATION OF
A CORPORATION

No. 632

Entry for January 22, 1954

"The Court having carefully considered the petition of Mary C. Rich to modify injunction and to reopen trust, and for leave to sue the former Trustee, and being fully advised in the premises, now

"ORDERS that said petition be, and the same is hereby denied."

To the admission of each of said Exhibits Numbers 1, 2 and 3, appellant made the same objection as follows:

"MR. ROCHFORD: To which we object if the Court please, for the reason that Defendant's Exhibit No. 1, does not prove or disprove any issues here to be determined upon the complaint in this action and is immaterial to the issues and it goes only to the purpose of misleading the Court into believing that the Defendant, that the real party at interest in this action is the Fidelity Trust Company of Indianapolis, Indiana, Trustee for the French Lick Hotel Company, Inc., and proceedings for the reorganization being cause no. 632 in the United States District Court for the Southern District, New Albany, Indiana, when in truth and fact other parties named in this action include Fidelity Trust Company of Indianapolis, former Trustee for the French Lick Hotel Company, Inc., in proceedings for reorganization of the Corporation No. 632 in the United States District Court, Southern District, New Albany division. The Defendants named herein also include the French

Lick Hotel Company, Inc., French Lick Company Hotel Corporation, formerly Orange County Realty. Corporation, Massachusetts Mutual Life Insurance Company of Springfield, Massachusetts. That the real party in interest controlling the conduct of the Defendants' case of the first two named Defendants, is the Indemnity Insurance Company of North America, who holds a contract of insurance to save harmless up to a certain limit far in excess of the prayer of the complaint is for all the defendants in this action."

This Court does not consider appellant's Exhibit "A" as sufficiently germane to his appeal to set forth the same herein. To sustain their position appellees, in their answer brief, cite and rely upon *Henry, Rec.,* v. *Claffey* (1920), 189 Ind. 609, 127 N. E. 193. It occurs to us that this authority cited by said appellees is so pregnant with meaning, applicability and controlling influence to the questions presented by this appeal that there is no room for a decision herein other than affirmance and yet, so far as we can discover in her reply brief, appellant has not seen fit to even mention this authority, let alone make an attempt to explain it away.

Appellant has devoted in its appeal brief eighteen pages to an argument in which many solid principles of law, with authorities to support the same, are advanced; but we find very little, if any, attempt made to apply such principles so advanced to the appeal before us.

It readily ought to be apparent that if appellant had a cause of action for damages she should have filed the same before the closing of the trust by order of the United States District Court, after due publication of notice thereof. Appellant alleged that she was injured on January 14, 1952, and the trust was closed and the Trustee discharged, after

due publication of notice as shown by the record, on December 2, 1952. Over ten (10) months elapsed from the date of the alleged injury to the date of closing of the trust, and it must be said that appellant had notice, if not actual, then constructive, of the pendency of the trusteeship, as well as the purpose of the same; and it was incumbent upon her to file such claim, or claims, as she might have in the said trust before its termination.

We are not impressed with the approach of appellant in this appeal. So far as Fidelity Trust Company of Indianapolis, Trustee, as aforesaid, or Fidelity Trust Company of Indianapolis, former Trustee, are concerned, they no longer exist. They are not legal entities. In the present situation they cannot be sued. The trusteeship was a creation by the United States District Court. The final report of the Trustee in said trusteeship and discharge amount to a demise.

While the Plea in Abatement does set forth that the trial court had no jurisdiction over these particular appellees, to-wit: the said Fidelity Trust Company, as Trustee, or as former Trustee, it ought to be obvious:

(1) That a nonexistent entity cannot be sued or brought into court by summons or otherwise; but more important,

(2) The question of jurisdiction over the subject matter can be raised for the first time on appeal. If not raised by the parties this Court is bound to raise the question and decide accordingly. *Lowery* v. *State Life Insurance Company* (1899), 153 Ind. 100, 54 N. E. 442.

The trial court cannot have jurisdiction over the subject matter of a claim against nonexistent entities.

Appellant's adopted procedure is tantamount to an admission of this, we think, when she attempted, but failed in her petition, to reopen the trust and to obtain permission in the United States District Court to bring the within alleged action.

The most apparent fact of all is, however, that appellant did not take the necessary steps to protect that which she claims to have had, to-wit: a claim against a Trustee during its existence.

It will be noted that this opinion and decision are predicated solely and exclusively upon the only concern in this appeal, namely, to Fidelity Trust Company, Trustee, or as former Trustee, as parties.

As we understand it, the issues have been closed between appellant and the other appellees named in this action. It is not intended by this decision and opinion to decide anything upon the merits or demerits of the asserted claims against the other parties to this appeal. As to appellees Fidelity Trust Company of Indianapolis, Indiana, Trustee and/or former Trustee for the French Lick Hotel Company, Inc., in proceedings for the Reorganization of a Corporation, No. 632, in the United States District Court for the Southern District of Indiana, New Albany Division, the judgment is affirmed.

Bierly, C. J., Smith, J., concur.

Hunter, J., not participating.

NOTE.—Reported in 207 N. E. 2d 850.