### 1869

Deborah L. GRIFFIN, a/k/a Deborah L. Griffin-DePew, Respondent v. CAPITAL CASH, a wholly owned unincorporated subsidiary of First Deposit Savings Bank, a/k/a First Deposit, both of which are wholly owned subsidiaries of Capital Holding Company, a/k/a Capital Holding, a corporation organized and existing under the laws of the State of Kentucky, Appellant.

(423 S.E. (2d) 143)

Court of Appeals

*Donald E. Rothwell,* Columbia, *for appellant.*

*Harry C. DePew,* Columbia, *for respondent.*

Heard April 15, 1992.

Decided Aug. 31, 1992.

BELL, Justice:

This is a statutory action under the Consumer Protection Code[1] and the Unfair Trade Practices Act.[2] Deborah L. Griffin filed suit to avoid her unsecured consumer loan with Capital Cash and to recover statutory damages. She alleged Capital Cash violated South Carolina statutes which required it to obtain a license from the South Carolina State Board of Financial Institutions and the Division of Consumer Affairs. Griffin also alleged Capital Cash violated the Unfair Trade Practices Act. Griffin named as additional defendants First Deposit

---

[1] S.C. Code Ann § 37-3-500 *et seq.* (1989).

[2] S.C. Code Ann § 39-5-10 *et seq.* (1985).

Savings Bank and Capital Holding Company. None of the defendants filed an answer with the court. After the time for answering had expired, Griffin filed an affidavit of default and a motion for default judgment. On November 2, 1989, a default judgment was entered and served upon the defendants. On February 9, 1990, First Deposit Savings Bank and Capital Holding Company filed a motion to vacate the default judgment under Rule 60, SCRCP. The master denied the motion. First Deposit Savings Bank and Capital Holding Company appeal. We affirm in part and reverse in part and remand.

In her complaint, Griffin alleged that in October, 1987, she received a solicitation from Capital Cash. The solicitation offered her a consumer loan in the amount of $6000 with a repayment schedule of $120 per month over a six-year period. She accepted the loan. Griffin contends after making monthly payments for two years totalling $2,765 her outstanding balance was $5,999.08. She alleged the 21.91% interest rate would not allow the entire loan amount to be repaid in the six years which the solicitation offered. She further alleged S.C. Code § 37-3-502 requires an entity making a consumer loan with a finance charge in excess of 18% to receive a license from the Board of Financial Institutions and Division of Consumer Affairs. She alleged S.C. Code § 34-29-20 allows her to avoid her consumer loan for Capital Cash's failure to receive a license from the State Board of Bank Control. Finally, she alleged Capital Cash's wilful violation of this statute constituted an unfair trade practice under S.C. Code Ann. § 39-5-10 *et seq.* (1985). The court entered judgment on these claims.

It appears from the record that four corporations have an interest in this suit. They are Capital Holding Company, a bank holding company; First Deposit Corporation, a banking corporation and wholly owned subsidiary of Capital Holding Company; First Deposit Savings Bank, a savings bank and wholly owned subsidiary of First Deposit Corporation; and First Deposit National Bank, a commercial bank and wholly owned subsidiary of First Deposit Corporation. "Capital Cash" is a name under which First Deposit National Bank operates its consumer credit business. It is not clear from the record whether the name "Capital Cash" is a trade mark or service mark owned by Capital Holding Company, First Deposit Corporation, or First Deposit National Bank. It is clear,

however, that First Deposit National Bank is authorized to use the name and that it actually conducted business under the name. It is also undisputed that it was the only name under which First Deposit National Bank did business with Griffin.

Griffin mailed her complaint to Capital Cash by certified mail return receipt requested to the address listed on her monthly billing statements. There is no dispute that Capital Cash received the pleadings. The pleadings were forwarded to Claire J. Bunton, corporate counsel for First Deposit Corporation. In an affidavit, Bunton stated she made several attempts to telephone Griffin's attorney without reaching him. On October 3, 1989, Bunton wrote a letter to Griffin's attorney, three weeks before the affidavit of default was filed.

In the October 3d letter, Bunton asserted that Capital Cash was not an "entity" but rather a product name used by First Deposit National Bank for its open end credit program. She stated that although First Deposit National Bank was not named as a party, she wished to respond to the allegations of the Complaint. She then alleged that in July, 1987, Griffin responded to a $3000 credit account solicitation she received in the mail. After reviewing Griffin's application, First Deposit National Bank determined that she would qualify for a larger loan amount. First Deposit National Bank called Griffin and offered her a $6000 loan. Griffin accepted the offer and received the check. The loan required a monthly payment of 2% of the outstanding balance with no time period for repayment of the loan. Bunton also alleged that First Deposit National Bank is chartered under the laws of the United States, and therefore, is exempt from the banking laws of South Carolina. She stated that to her knowledge First Deposit Savings Bank and Capital Holding Corporation had not received the Summons or Complaint, although she admitted she had discussed the suit with counsel for the parent company, Capital Holding. In the letter, Bunton made a settlement offer and requested a thirty-day extension to reply to the Complaint if Griffin refused the settlement.

Griffin's attorney stated he never received Bunton's letter or her telephone calls. He stated he had accepted another position and was not in his office during this time. He submitted to the court an affidavit of the secretary who received his mail

and telephone calls. The secretary stated Griffin's attorney never received any telephone calls or letters from Bunton.

## I.

The appellants argue that Capital Cash is neither an individual nor a corporate entity and therefore could not be a party to this action. They maintain the named party should have been First Deposit National Bank.

A Corporation may be known by several names in the transaction of its business. *Long v. Carolina Baking Co.*, 193 S.C. 225, 8 S.E. (2d) 326 (1939). If it is sued in a name under which it transacts business, the process will ordinarily be sufficient to bring it before the court. *United States v. A.H. Fischer Lumber Company*, 162 F. (2d) 872 (4th Cir. 1947). The misnomer of a corporation has the same effect as the misnomer of an individual. *Long v. Carolina Baking Co.*, *supra*. If it later appears that the true name of the corporation is different from the name under which it was sued, the misnomer is properly a subject of amendment. *Id.* However, failure to correct the corporate name does not invalidate the process or the judgment where the misnomer causes the corporation no prejudice. *Id; United States v. A.H. Fischer Lumber Company, supra.*

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Id.* As general rule the misnomer of a corporation in a notice, summons, or other step in a judicial proceeding is immaterial if it appears the corporation could not have been, or was not, misled. *Id.*

Capital Cash was the name First Deposit National Bank used to do business with Griffin. First Deposit National Bank's initial solicitation was in the name of Capital Cash. Griffin's monthly statements were sent by Capital Cash. Her payments were made to Capital Cash. The only evidence

showing Griffin knew of the existence of any entity other than Capital Cash before the entry of the default judgment was the letter from First Deposit Corporation's counsel which Griffin contends she never received.

On the other hand, First Deposit National Bank knew Griffin was suing "Capital Cash" on the loan account. The summons was mailed to and received by Capital Cash. Both First Deposit National Bank and its parent corporations, First Deposit Corporation and Capital Holding Corporation, knew that "Capital Cash" was a name used by First Deposit National Bank to conduct its business. They were neither misled nor otherwise prejudiced by the use of the name "Capital Cash" in the papers forwarded to Bunton. Indeed, Bunton answered the Summons and Complaint by making a settlement offer on behalf of First Deposit National Bank and requesting an extension of time to answer if Griffin refused the settlement.

S.C. Code Ann. § 36-2-806 authorizes personal service outside South Carolina by mail when it is "reasonably calculated to give actual notice" of the lawsuit. In this case, the service of the Summons and Complaint on "Capital Cash" was not only "reasonably calculated" to give First Deposit National Bank notice of the suit, but the process was in fact received at the business address used by the Bank to service Griffin's account and put the Bank on actual notice that Griffin was suing it over the account. The papers were reviewed by an attorney who made a settlement offer on behalf of First Deposit National Bank. On these facts, we hold that service of process under the name "Capital Cash" was sufficient to bring First Deposit National Bank Before the court. The judgment of the court is affirmed as it relates to First Deposit National Bank.[3]

First Deposit Savings Bank and Capital Holding Corporation separately contend the judge erred in entering a default

---

[3]For the first time on appeal, counsel argued that Bunton's October 3d letter constituted an appearance and answer in the case entitling the defendants to notice and a hearing before judgment could be entered against them. Counsel added that even if a default was properly entered against the defendants, they were entitled to a hearing on the amount of damages before judgment could be rendered against them. *See Howard v. Holiday Inns, Inc.,* 271 S.C. 238, 246 S.E. (2d) 880 (1976). This Court will not reverse on grounds raised for the first time on appeal. *Springmasters, Inc. v. D & M Manufacturing,* 303 S.C. 528, 402 S.E. (2d) 192 (Ct. App. 1991).

judgment against them, because they were never served with process. Because of our decision in part II of this opinion, we do not reach this issue.

## II.

Capital Holding Corporation and First Deposit Savings Bank assert that the master erred in dismissing their motion to vacate the default judgment for failure to satisfy the requirements of Rule 60(b)(1), SCRCP, when the motion was made under Rule 60(b)(4).

A motion to vacate or set aside a default judgment is addressed to the sound discretion of the trial judge whose ruling will not be disturbed absent a clear showing of abuse of discretion. *Boland v. South Carolina Public Service Authority,* 281 S.C 293, 315 S.E. (2d) 143 (1984). An abuse of discretion is shown where the decision of the court was controlled by some error of law. *Id.*

The motion to vacate the judgment was based upon Rule 60(b)(4).[4] The master denied the motion based upon a finding that the movant had failed to show any excusable neglect under Rule 60(b)(1).

It is an error of law for a court to decide a case on a ground not before it. See *Friedberg v. Goudeau,* 279 S.C. 561, 309 S.E. (2d) 758 (1983); *Turbeville v. Floyd,* 288 S.C. 171, 341 S.E. (2d) 651 (Ct. App. 1986). Because the decision of the court was controlled by an error of law, the court abused its discretion. We, therefore, reverse the judgment and remand this issue to the master for a determination of First Deposit's Rule 60(b)(4) motion. Among other issues to be decided upon remand is whether the default judgment against Capital Holding Corporation and First Deposit Savings Bank was void because they were not served with process.

Affirmed in part, reversed in part and remanded.

CURETON and GOOLSBY, JJ., concur.

---

[4] In addressing the court, First Deposit's attorney stated:

Just very briefly, I think if there's any mistake involved here or inadvertence, it's probably Mr. DePew's and not First Deposit's. We are not seeking relief under 60(b)(1); we are seeking relief under 60(b)(4).