611 S.E.2d 315

**Jonathan S. McCALL, Respondent,**

v.

**IKON, d/b/a IKON Educational Services, and CESC (Computer Services Corporation, Defendants, of whom IKON, d/b/a IKON Educational Services is, Appellant).**

No. 3953.

Court of Appeals of South Carolina.

Submitted Dec. 1, 2004.

Decided Feb. 28, 2005.

Rehearing Denied April 21, 2005.

648

David A. Wilson, of Greenville, for Appellant.

Duke K. McCall, Jr., and Mark M. Trapp, of Greenville, for Respondent.

KITTREDGE, J.:

This is an appeal from the denial of relief from default judgment under Rule 60(b), SCRCP. Appellant raises two exceptions to the default judgment: (1) that the default was in error because it was never properly served with the plaintiff's summons and complaint, and (2) alternatively, even if service were proper, it was not notified of the subsequent damages hearing concerning this unliquidated claim. We join the circuit court in rejecting Appellant's first exception, finding service of process was effective, but we agree with Appellant's second argument that notice of the damages hearing was insufficient. Accordingly, we remand this matter to the circuit court for a new damages hearing.

## FACTS/PROCEDURAL HISTORY

This appeal stems from confusion over the name of the appellant corporation. Appellant was identified in the summons and complaint by the name under which it chose to conduct business in South Carolina, "IKON, d/b/a IKON Educational Services." [1] Like many larger companies, IKON operates through a corporate structure that includes various subsidiaries and business units that fall under the umbrella of a parent corporation. At the top of this corporate structure is IKON Office Solutions, Inc., which is an Ohio corporation that operates different businesses in the technology field throughout the country. Within this corporation is IKON Office Solutions' wholly owned subsidiary, IKON Office Solutions Technology Services, L.L.C. At the time this cause of action arose, both IKON Office Solutions, Inc., and IKON Office Solutions Technology Services, L.L.C., were authorized to do business in South Carolina. IKON Education Services, however, was not technically registered to do business in South Carolina, although IKON chose to conduct business in this state under that name.

IKON opened a computer training center in Greenville, South Carolina, under the name IKON Education Services. IKON continued to operate the Greenville facility until December 2001, when it decided to sell its entire technology education unit to Computer Educational Services Corporation (CESC).

Caught in the middle of this tangle of corporate identity was Respondent Jonathan McCall. Just one month before IKON sold its education unit to CESC, McCall entered into a contract with IKON Education Services in Greenville for a full year of computer training courses. The only parties named in the contract were McCall and IKON Education Services. There was no reference to any other IKON entity. Within a few weeks of taking over the education operation, however,

---

1. IKON conducted business as it relates to this action under the name "IKON Educational Services" or "IKON Education Services." In an attempt to bring some clarity to this admittedly confusing situation, when the IKON name will not suffice, we will generally reference IKON Education Services—the name that appears most frequently in the record and the only IKON name appearing in the underlying contract.

CESC closed the Greenville location and cancelled the classes there.

On January 9, 2002, McCall filed the present breach of contract action, naming as defendants "IKON, d/b/a IKON Educational Services" and CESC. McCall served a copy of the summons and complaint upon CT Corporation System, the registered agent for service of process in South Carolina for IKON. However, CT Corporation System returned the summons and complaint to McCall's counsel one week later, advising by letter that it was not the agent for any entity by the name of "IKON Educational Services." The letter additionally noted that "CT Corporation System serves as Registered Agent for more than one company with 'IKON' as part of its name." Thereafter, McCall served Sonja Cantrell, the Office Operational Manager for CESC and *former* office manager for IKON, with the same summons and complaint.[2]

McCall filed an affidavit of default in February 2002, accompanied by two affidavits of service, one addressed to Cantrell and the other to CT Corporation System. Upon scheduling of the damages hearing, McCall mailed only one notice of the hearing to CESC's Greenville office address which was also the former address for IKON Education Services.

At the damages hearing, at which neither of the defendants appeared, the circuit court granted McCall a default judgment in the amount of $58,407.19 against the defendants jointly and severally. Subsequently, IKON filed a motion for relief from judgment under Rule 60(b)(1), SCRCP, which was denied because the circuit court found service upon both defendants "was properly perfected and adequate notice was given pursuant to the Code."[3] The circuit court also denied IKON's motion to reconsider. This appeal followed.

---

2. Cantrell testified that she immediately notified her supervisors at the CESC corporate office in Florida that she had received the summons and complaint, though neither supervisor claims knowledge of the service.

3. The court also denied CESC's motion to set aside default judgment. CESC did not appeal this ruling. McCall's claim against CESC has been settled.

## STANDARD OF REVIEW

 A motion to vacate or set aside a default judgment is addressed to the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Tri–County Ice and Fuel Co. v. Palmetto Ice Co.,* 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990). An abuse of discretion arises when the trial judge was controlled by an error of law or where his order is based on factual conclusions that are without evidentiary support. *Id.*

## LAW/ANALYSIS

### I. Service of Process Was Proper

Appellant asserts that IKON Education Services—as "merely a division of IKON Office Solutions Technology Services, LLC"—was "not a legal entity capable of being sued." Instead, according to Appellant, "[t]here are several recognized corporations existing in South Carolina with IKON as part of their name," including IKON Office Solutions, Inc., and its subsidiary, IKON Office Solutions Technology Services, L.L.C. Appellant therefore argues that McCall's attempts to serve his summons and complaint upon a phantom entity named "IKON Educational Services" or simply "IKON" rather than properly naming one of the "recognized" IKON corporations "existing in South Carolina" rendered the purported service ineffective. We find service was effective, and therefore conclude the circuit court properly denied Rule 60 relief in this regard.

 As this issue has been framed by Appellant, its resolution would seem to entail a technical analysis of when a corporation may be said to "exist" for purposes of our civil rules governing service of process. Our rules governing service of process do not turn on parsing strict technicalities or debating murky legal abstractions. On the contrary, our supreme court has specifically held that "[w]e have never required exacting compliance with the rules to effect service of process." *Roche v. Young Bros. Inc.,* 318 S.C. 207, 209–10, 456 S.E.2d 897, 899 (1995) (citing *Foster v. Crawford,* 57 S.C. 551, 36 S.E. 5 (1900); *Saunders v. Bobo,* 2 Bailey 492 (1831); *Miller v. Hall,* 1 Speers 1 (1842)). "Rather, we inquire

whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Roche,* 318 S.C. at 210, 456 S.E.2d at 899. To establish that service has been properly effected, the plaintiff need only show compliance with the civil rules on service of process. *Moore v. Simpson,* 322 S.C. 518, 523, 473 S.E.2d 64, 67 (Ct.App.1996). When these rules are followed, there is a presumption of proper service. *Roche,* 318 S.C. at 211, 456 S.E.2d at 900.

Contrary to these principles governing service of process, IKON urges us to apply the rules in a manner that demands the strictest technical compliance. The company cleaves to the narrow view that because it is registered to do business in our state under certain "legal" names, its obligation to answer or appear in response to any civil action extends only so far as it has been correctly and precisely identified according to the roll maintained by the Secretary of State. In this case, IKON would paint itself as a hapless victim of mistaken identity, going about its business and never imagining that anyone would attempt to sue them under a name that is not officially or legally "recognized" as a corporation that "exists" in South Carolina.

Indeed, our courts have rejected similar attempts by parties to avoid service of process by seeking refuge under a highly technical interpretation of the rules:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Griffin v. Capital Cash,* 310 S.C. 288, 292, 423 S.E.2d 143, 146 (Ct.App.1992). It has long been recognized that a corporation may be known by several names in the transaction of its general business. *See Long v. Carolina Baking Co.,* 193 S.C. 225, 239, 8 S.E.2d 326, 332 (1939). "If a corporation has acquired a name by usage, an adjudication against it by the name so acquired is valid and binding." *Id.* "If [a corporation]

is sued in a name under which it transacts business, the process will ordinarily be sufficient to bring it before the court." *Griffin*, 310 S.C. at 292, 423 S.E.2d at 146. "The misnomer of a corporation in a notice, summons, or other step in a judicial proceeding is immaterial if it appears the corporation could not have been, or was not, misled." *Id.* Furthermore, use of a trade name will not invalidate the judgment if the misnomer does not cause the corporation prejudice. *Long*, 193 S.C. at 239, 8 S.E.2d at 332.

■ We find IKON was neither misled nor otherwise prejudiced by the use of the name "IKON, d/b/a IKON Educational Services" in the summons and complaint. The confusion here was created solely by IKON, for it chose the name under which it would conduct business in this state. The record unmistakably reveals that IKON Education Services (or IKON Educational Services) was the name IKON used in connection with its computer training courses offered in South Carolina. McCall signed a customer agreement entitled "IKON Education Services Public Class Enterprise Training Pass." The name "IKON Education Services" is mentioned no less than five times in the parties' contract, including the signature line which indicated the terms of the agreement were "Accepted by: IKON Education Services." In this contract, drafted entirely by IKON, no other IKON entities are named.

IKON seeks refuge in promotional literature provided to McCall and other potential purchasers of its educational services. We acknowledge that this pamphlet does contain a reference to IKON's corporate parent, but it does so obscurely in a footnote in miniscule print. To give the reader a sense of this disclosure, as best as we can reproduce, at the bottom of the third page of this eight page document, the following appears: IKON Education Services is a business unit of IKON Office Solutions Technology Services, LLC, a wholly owned subsidiary of IKON Office Solutions, Inc. Conversely, the booklet prominently and consistently refers to the company under the banner logo "IKON" and "IKON Education Services"—the very entity that entered into the contract with McCall. Additionally, these materials refer the reader to "www.ikoneducation.com" for further information. We find that this obscure and barely legible reference in the pro-

motional literature to IKON's parent does not aid its efforts to escape default.

Because IKON prominently held itself out as IKON Education Services, it would be wholly inequitable to find McCall's attempts to serve the company under that name ineffective. The fact that IKON's registered agent for service of process, CT Corporation, did not recognize IKON's chosen business unit—IKON Education Services—is a result of IKON's own neglect. IKON selected the name under which it would conduct business and enter into contracts in this state. IKON now looks to us to extricate it from this morass, but we are not inclined to reward IKON for its own neglect. We therefore find McCall effectively served IKON with his summons and complaint through the company's registered agent, CT Corporation System.

## II. Inadequate Notice of Damages Hearing

We turn next to IKON's claim that it did not receive adequate notice of the hearing on damages as mandated by Rule 55(b)(2), SCRCP.

In the present case, McCall attempted to provide notice of the damages hearing to IKON by way of a single letter addressed jointly to "IKON d/b/a IKON Educational Services and C.E.S.C. (Computer Educational Services Corporation)." This letter was mailed to 1001 Keys Drive in Greenville, IKON Education Services' former office location that was taken over by CESC following its purchase of the IKON education business in December 2001. IKON argues the mailing of one letter addressed to both defendants was not adequate to satisfy the notice requirements of Rule 55(b)(2). We agree.

Under Rule 55(b)(2), SCRCP, "[p]ursuant to Rule 5(a), notice of any trial or hearing on unliquidated damages shall also be given to parties in default by first class mail to the last known address of such party whether or not such party has appeared in the action." The service requirements of Rule 5(a), SCRCP, incorporated into Rule 55(b)(2) mandate that "[e]very order required by its terms to be served, every pleading subsequent to the original summons and complaint ... *every written notice,* appearance, demand, offer of judg-

ment, designation of record or case and exceptions on appeal, and similar papers shall be served upon *each* of the parties . . ." (emphasis added). The plain language of the rule therefore requires that *each* party shall be served separately. Mailing one letter addressed to both IKON and CESC, therefore, was not sufficient to comply with Rule 55(b)(2) and Rule 5(a).

The need to properly serve each party individually does not arise from an arcane or highly technical application of the rules. Rather, this requirement serves an essential function— ensuring that notice is properly received by all entitled to it. Addressing a single notice to two distinct parties as McCall did in the present case, sharply diminishes the likelihood that both will actually receive notice, as such a method necessarily depends upon one of the parties "passing along" the notification to the other. The rules of service are designed to eliminate the need for such contingencies.

Finding notification was insufficient, therefore, we vacate the award of damages and remand this matter to the circuit court for a new damages hearing upon proper notice to IKON.

## CONCLUSION

Finding proper service of the summons and complaint upon IKON by delivery to its registered agent, we affirm the circuit court ruling denying IKON relief from default. However, we find that McCall failed to properly notify IKON of the subsequent damages hearing, so we therefore vacate the award of damages and remand this matter to the circuit court for a new hearing on damages.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

HUFF and BEATTY, JJ., concur.