THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Patsy Arledge, Respondent,
 
 
 

v.

 
 
 
 Norma Jean Hubbard, Appellant.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No.  2005-UP-579
Submitted November 1, 2005  Filed November 15, 2005

AFFIRMED

 
 
 
 Scott David Robinson, of Pickens, for Appellant.
 Stephen S. Wilson, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Norma Hubbard appeals from the denial of her motion for relief from a default judgment.  We affirm.[1]
FACTS
On July 16, 1999, Hubbard executed and delivered a $30,000 promissory note to George Arledge.  The note provides that 
monthly payments of $200 are to be made until the principal is paid in full, with zero percent annual interest.  The 
note further provides that it was given for the purchase of real property and is secured by a mortgage that is a first 
lien upon the property.  Patsy Arledge (Arledge) is the owner and holder of the note and mortgage by virtue of being 
the sole heir of George Arledge. 

Arledge filed an action against Hubbard on November 4, 2003, alleging that Hubbard had broken the terms of the note 
and mortgage by failing to pay the monthly installments, and Hubbard owed $29,800 on the note.  Hubbard was personally 
served the summons and complaint on December 15, 2003.  On February 3, 2004, Arledge filed a motion for default judgment 
because Hubbard failed to file an answer within the 30-day time period.  In response, Hubbard filed her answer to the 
complaint on March 1, 2004.  During a hearing on March 16, 2004, Arledge sought foreclosure of the mortgage and transfer 
of the title of property to her name.  Prior to testimony, Hubbard motioned the court pursuant to Rule 55(c), SCRCP, to 
set aside the default on the basis that good cause existed for not holding Hubbard in default and that she had a 
meritorious defense.  After finding that Hubbard was in default and there was no evidence of excusable neglect for 
Hubbards failure to file a timely answer, the judge granted Arledges request for foreclosure of the mortgage and 
ordered the title be transferred back to her name.  Hubbard now appeals.

LAW/ANALYSIS
Hubbard argues the trial court erred in denying her Rule 55(c), SCRCP, motion because good cause existed and she had a 
meritorious defense.  We disagree.

A motion to vacate or set aside a default judgment is addressed to the sound discretion of the trial judge whose 
ruling will not be disturbed absent a clear showing of abuse of discretion.  
Griffin v. Capital Cash, 310 S.C. 288, 294, 423 S.E.2d 143, 147 (Ct. App. 1992).  Rule 12(a), SCRCP, requires 
a party to serve his or her answer within 30 days after he or she has been served with the complaint.  However, Hubbard 
failed to file her answer within the 30-day time period and did not file any responsive pleading to the summons and complaint 
until after she was notified of Arledges motion for default judgment.  Even then, the trial judge noted that Hubbards answer 
just denied and admitted certain paragraphs in the complaint.  The judge further stated, [t]he answer is not verified, been 
no statements from Ms. Hubbard, either by affidavit or otherwise.  So, it doesnt appear to me that there is a meritorious 
defense. . . . I cant gather a meritorious defense from reading the answer.  Thus, the trial judge did not abuse his 
discretion in denying to grant Hubbards motion to set aside the entry of default judgment.   

AFFIRMED.

GOOLSBY, ANDERSON, and SHORT, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.