**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 06 2015, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES J. SHEA, SR.**
**ANDREW S. WILLIAMS**
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS D. BLACKBURN**
Blackburn & Green
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANNY'S SPORTS BAR CHICAGO STYLE PIZZA | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 43A04-1407-CT-321 |
| | ) | |
| TODD SCHUMAN, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KOSCIUSKO CIRCUIT COURT
The Honorable Michael W. Reed, Judge
Cause No. 43C01-1202-CT-14

**January 6, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Danny's Sports Bar Chicago Style Pizza ("Danny's") appeals the trial court's refusal to set aside a default judgment entered against it in favor of Todd Schuman ("Schuman"). Danny's raises two issues, which we restate as:

I. Whether the trial court had subject matter jurisdiction over the case, and

II. Whether the trial court abused its discretion in denying Danny's motion to set aside the default judgment.

We affirm.

**Facts and Procedural History**

On February 21, 2012, Schuman filed a complaint for damages, naming restaurant "Danny's Pizza & Sports Bar" as the defendant. Schuman later filed a motion, which the trial court granted, to substitute "Danny's Sports Bar Chicago Style Pizza" as the defendant. Danny's Sports Bar Chicago Style Pizza is one of two businesses owned and operated by Mada Enterprises, LLC ("Mada Enterprises").[1]

In his complaint, Schuman alleged that he suffered physical injury and incurred medical bills and lost wages after suffering a fall on the restaurant's premises. Schuman identified Danny's by its address, 3620 North Barbee Road, Warsaw, Indiana. Mada Enterprises received the summons and complaint in March 2012. The documents were forwarded to Dan Signore ("Signore"), part owner and registered agent of Mada Enterprises.

After receiving the complaint and summons, Signore failed to take any action, believing that no action was necessary "because there was no such entity as 'Danny's

---

[1] In its brief, Appellant refers to itself as both "Danny's" and "Mada."

2

Pizza & Sports Bar.'"  Appellant's Br. at 3.  No appearance or answer was filed on behalf of Danny's or Mada Enterprises.  On December 10, 2012, nine months after service of the complaint and summons, Schuman filed a motion for default judgment.  The trial court granted Schuman's motion on the same day.

On February 13, 2013, the trial court held a hearing to determine the amount of damages due to Schuman.  Danny's received notice of the hearing but failed to appear.  Appellant's App. pp. 2-3, 11.  At the hearing, Schuman presented evidence indicating that he had incurred $55,438.88 in medical bills resulting from his fall at Danny's Sports Bar Chicago Style Pizza.  Following the hearing, the trial court entered a judgment in Schuman's favor in the amount of $68,216.40, plus interest.

On November 27, 2013, Danny's filed a motion to set aside the default judgment, arguing that "[t]he default judgment should be set aside because of mistake and excusable neglect (and because the judgment is substantial).  Furthermore, the evidence shows that the Defendant has meritorious defenses[.]"  Id. at 27.  Two months later, on January 23, 2014, Schuman filed a motion to substitute "Mada Enterprises, LLC d/b/a Danny's Sports Bar Chicago Style Pizza" in place of "Danny's Sports Bar Chicago Style Pizza" as defendant.  Appellant's App. p. 65.  The trial court made no ruling on this motion.

The trial court held a hearing on Danny's motion to set aside the default judgment on June 2, 2014 and ten days later entered an order denying the motion and finding that the default judgment was not the result of any justifiable mistake, surprise, or excusable neglect by Danny's.

Danny's now appeals.

3

## I. Subject Matter Jurisdiction

Danny's first argues that because Schuman "filed this lawsuit against a non-existent entity," the trial court lacked subject matter jurisdiction of the case. Specifically, it argues that the trial court's default judgment "is void because it lacked subject matter jurisdiction over the non-existent entities, 'Danny's Pizza & Sports Bar' and 'Danny's Sports Bar Chicago Style Pizza.'" Appellant's Br. at 5, citing Rich v. Fid. Trust Co. of Indianapolis, 137 Ind. App. 619, 632, 207 N.E.2d 850, 858 (1965) ("The trial court cannot have jurisdiction over the subject matter of a claim against nonexistent entities.").

"Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings then before the court belong." Hubbard v. Columbia Women's Hosp. of Indianapolis, 807 N.E.2d 45, 50 (Ind. Ct. App. 2004). When a court lacks subject matter jurisdiction, its actions are void *ab initio* and have no effect whatsoever. Parkview Hosp. Inc. v. Geico General Ins. Co., 977 N.E.2d 369, 371 (Ind. Ct. App. 2012), trans. denied. Subject matter jurisdiction cannot be waived or conferred by agreement and can be raised at any time by the parties or the court, including on appeal. Weldon v. Universal Reagents, Inc., 714 N.E.2d 1104, 1107 (Ind. Ct. App. 1999).

Here, Schuman filed his complaint against "Danny's Sports Bar Chicago Style Pizza," one of only two businesses operated by Mada Enterprise. When the complaint and summons arrived at Mada Enterprises, they were forwarded directly to Signore. It is undisputed that Signore, part owner and registered agent of Mada Enterprises, received the complaint and summons and failed to file an answer or appearance until after default

judgment had been entered against it. The record reveals that Schuman's complaint describes an incident that occurred at 3620 North Barbee Road, Warsaw, Indiana, which is also the address of Mada Enterprises. The complaint names as the defendant "Danny's Sports Bar Chicago Style Pizza," which is the name of one of the two businesses owned and operated by Mada Enterprises.

This is not a case where the defendant was blindsided by the default judgment because it had no notice of the proceedings or where the named defendant could not be liable as a matter of law. See, e.g., City of Peru v. Lewis, 950 N.E.2d 1 (Ind. Ct. App. 2011) (city fire department could not be sued for negligence in its individual capacity, as separate entity from city; fire department was entitled to common law immunity); McGee v. Reynolds, 618 N.E.2d 40 (Ind. Ct. App. 1993) (failure of plaintiff's attorney to give notice of lawsuit to defendant's insurer warranted setting aside of default judgment entered in favor of plaintiff); Rich v. Fid. Trust Co. of Indianapolis, 137 Ind. App. 619, 207 N.E.2d 850 (1965) (guest who was injured during operation of hotel by corporate reorganization trustee could not maintain action against trustee after discharge of trustee and termination of trust, where over ten months elapsed from date of injury to date of closing of trust and guest had either actual or constructive notice of pendency of trusteeship but failed to file claim against trustee). Here, it is apparent that Mada Enterprises was neither misled nor prejudiced by Schuman's use of the name "Danny's Sports Bar Chicago Style Pizza" instead of "Mada Enterprises. LLC." It knew or should have known that it was the subject of the lawsuit. Danny's argument that the trial court lacked subject matter jurisdiction over the case is therefore without merit. See

5

Bituminous Cas. Corp. v. Dowling, 111 Ind. App. 256, 37 N.E.2d 684 (1941) (concluding that where insurance carrier had notice of claim against employer for death of employee and the date of hearing but failed to appear, misnomer of the employer in the claim for compensation did not harm insurance carrier). Cf. 19 Am. Jur. 2d Corporations § 1900 ("Service of process on a corporation doing business under an assumed name is sufficient where the corporation is served under its assumed name since an assumed name is not a separate entity for the purposes of legal process."); McCall v. IKON, 363 S.C. 646, 652-53, 611 S.E.2d 315, 318 (Ct. App. 2005) (quoting Long v. Carolina Baking Co., 193 S.C. 225, 239, 8 S.E.2d 326, 332 (1939); Griffin v. Capital Cash, 310 S.C. 288, 292, 423 S.E.2d 143, 146 (Ct. App. 1992) ("'If a corporation has acquired a name by usage, an adjudication against it by the name so acquired is valid and binding . . .. If [a corporation] is sued in a name under which it transacts business, the process will ordinarily be sufficient to bring it before the court . . .. The misnomer of a corporation in a notice, summons, or other step in a judicial proceeding is immaterial if it appears the corporation could not have been, or was not, misled.'").

## II. Default Judgment

Danny's moved the trial court to set aside the default judgment against it pursuant to Trial Rule 60(B). Default judgments are disfavored in Indiana in preference for disposition of cases on the merits, and the trial court's discretion in granting default judgments should be exercised in light of this disfavor. Comer-Marquardt v. A-1 Glassworks, LLC, 806 N.E.2d 883, 886 (Ind. Ct. App. 2004) (citations omitted). Because a "default judgment . . . is an extreme remedy," Smith v. Johnston, 711 N.E.2d 1259,

6

1264 (Ind. 1999), a trial court may "relieve a party or his legal representative from a judgment, including a judgment by default, for . . . mistake, surprise, or excusable neglect." Ind. Trial Rule 60(B)(1). A party seeking relief under Rule 60(B)(1) must demonstrate not only that the grounds for relief in 60(B)(1) apply, but also must "allege a meritorious claim or defense" to the claims underlying the default judgment. Ind. Trial Rule 60(B).

We review a trial court's denial of a motion to set aside a default judgment for an abuse of discretion. Whitt v. Farmer's Mut. Relief Ass'n, 815 N.E.2d 537, 539 (Ind. Ct. App. 2004). An abuse of discretion occurs when the court's denial of the motion is clearly against the logic and effect of the facts and inferences supporting the order. Id. The trial court's discretion should be exercised in light of the disfavor in which default judgments are generally held. See Coslett v. Weddle Bros. Constr. Co., 798 N.E.2d 859, 861 (Ind. 2003) ("Indiana law strongly prefers disposition of cases on their merits."), reh'g denied.

Danny's does not dispute that Signore, Mada Enterprises's owner and registered agent, was served with Schuman's complaint, or that Danny's failed to take any action until after default judgment had been entered. Rather, Danny's argues that the default judgment should be set aside because Signore believed that "Danny's Pizza & Sports Bar" was a non-entity that could not be sued was a "justifiable mistake that resulted in what was excusable neglect given the circumstances." Appellant's Br. at 8.

No hard-and-fast rule determines whether a default judgment should be set aside because of a party's excusable neglect. Shane v. Home Depot USA, Inc., 869 N.E.2d

7

1232, 1234 (Ind. Ct. App. 2007). In <u>Smith v. Johnston</u>, 711 N.E.2d 1259 (Ind. 1999), a doctor and his medical practice were sued. When the summons arrived at the office, an employee signed for the summons and placed it on the doctor's desk. The person who typically received mail and handled legal matters for the practice was out of the office at the time. The doctor did not open the summons until after a default judgment had been entered against him and his medical group. Our supreme court found that this breakdown in communication was "neglect, but not excusable neglect" because the defendants themselves failed to do what they were required to do, i.e. open the summons and notify their insurance company and/or counsel. <u>Id</u>. at 1262.

In this case, after Signore received the summons and complaint, instead of contacting a lawyer or otherwise making any arrangements with respect to Danny's defense, he purposefully ignored the pending litigation until after the trial court issued a default judgment against Danny's. This was not "excusable neglect" within the meaning of Trial Rule 60(B). <u>See</u> <u>JK Harris & Co., LLC v. Sandlin</u>, 942 N.E.2d 875 (Ind. Ct. App. 2011) (national tax resolution firm received adequate notice of the proceedings such that it was not entitled to have default judgment set aside on the grounds of excusable neglect, where plaintiff served copies of his pleadings on firm at its registered agent and/or corporate address, firm's registered agent was also served with order setting a hearing, and firm only responded in the action after a trial court order padlocked firm's offices); <u>Rogers v. Lockard</u>, 767 N.E.2d 982 (Ind. Ct. App. 2002) (home purchasers were not entitled to relief from default judgment in vendors' action on purchase agreement, on the basis of mistake or inadvertence, although purchasers asserted that they did not

8

realize they were being sued; purchasers were obliged to answer summons and complaint); Precision Erecting, Inc. v. Wokurka, 638 N.E.2d 472 (Ind. Ct. App. 1994) (failure of corporation's registered agent to forward summons and complaint to corporation did not constitute sufficient grounds justifying relief from default judgment entered against it).

Nor do we find any mistake that would permit setting aside the default judgment. This court in Moe v. Koe, 165 Ind. App. 98, 330 N.E.2d 761 (1975), recognized that "[a]s long ago as 1883 it has been the law in Indiana that mere mistakes of law do not authorize the vacation of a judgment." Id. at 102, 330 N.E.2d at 764. Signore's belief that Schuman's use of the defendant's assumed name versus its corporate name in the complaint and summons is a mistake of law that does not justify setting aside the default judgment. See Mason v. Ault, 749 N.E.2d 1288, 1292 (Ind. Ct. App. 2001) (homeowners' failure to respond to complaint to foreclose on contractor's lien did not constitute mistake such that would justify vacating default judgment for contractor, even though homeowners asserted that they relied on advice of counsel; homeowners should have contacted a lawyer or made other arrangements when they received the summons and complaint); Prof'l Laminate & Millwork, Inc. v. B & R Enterprises, 651 N.E.2d 1153 (Ind. Ct. App. 1995) (noncompliance with procedural rules due to mistaken reliance on advice of court reporter is not "mistake" or "excusable neglect" which will warrant relief from defaulted judgment).

While we recognize that default judgment is disfavored in Indiana, see Comer-Marquardt, 806 N.E.2d at 886, when we apply our deferential standard of review to the

facts and circumstances before us in this case, we conclude that the trial court did not abuse its discretion in denying Danny's motion to set aside the default judgment.[2]

## Conclusion

For all of these reasons, we find no abuse of discretion in the trial court's denial of Danny's motion to set aside the default judgment. We further conclude that the trial court properly exercised subject matter jurisdiction in this case.

Affirmed.

NAJAM, J., and BRADFORD, J., concur.

---

[2]Because we resolve this case on the question of excusable neglect, we do not address the issue of whether Danny's had a meritorious defense or whether "material issues of fact and substantial amounts of money involved . . . weigh heavily in favor of setting aside the default judgment." Appellant's Br. at 8.